## WABASH RY. CO. v. DOCK & TERMINAL ENGINEERING CO. et al.
### No. 5866.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1932.

Stuart C. Barnes, of Detroit, Mich. (Barnes & Kisselle, Lacey Laughlin, Beaumont, Smith & Harris, and Thomas B. Moore, all of Detroit, Mich., on the brief), for appellant.

J. K. Harness, of Detroit, Mich. (Harness, Dickey, Pierce & Hann and Arthur W. Dickey, all of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The validity of patent No. 1,089,405, issued to W. S. Ferguson, March 10, 1914, for a reinforced concrete dock or pier, has been thrice recognized by this court. Detroit Iron & Steel Co. v. Carey, 236 F. 924; City of Detroit v. Kahn, 22 F. (2d) 613; Detroit Ry. & H. Terminals v. Ferguson et al., 41 F. (2d) 688. It is therefore not considered necessary here to repeat the discussion of the nature of the invention, the scope of the claims, or the state of the prior art. Nor do we consider that a re-examination of the question of validity is required by the present record. As we view the case, it turns upon the question of infringement.

The structure of the appellant, defendant below, is of reinforced concrete, eight feet in height, two feet and six inches in width at the top, and eight feet and six inches in width at its base, resting upon two rows of piles the tops of which are imbedded in the concrete. The height of this concrete mass on the extreme shoreward side is three feet, and this height or vertical dimension is maintained outwardly for a distance of three feet, eight inches, to which point the concrete slopes on a straight line from the inner edge of the top surface (dropping five feet in a horizontal distance of two feet, four inches). The longitudinal face of the structure is, therefore, of an imperfect L cross section. Sheet piling is placed immediately along the shoreward side, and the space between this piling and the natural shore line is filled with rock and earth. To hold this structure firmly against the sheet piling and fill, batter piles, at a slope of 1 to 3, are placed outside each of the inner row of supporting piles to which they are bolted, and thirty-eight foot tie rods, imbedded in the concrete at their outer ends and spaced twenty feet apart, connect with vertical and batter piles driven along the shore about forty feet from the outer face of the wall. After construction the fill was carried substantially to the upper surface of the wall.

While the classification of a structure as a "dock" or "pier" is ordinarily not to be determined by the distance which it extends over the water, and while the alleged infringing structure does extend over the water for a distance of eight feet and six inches, we see in it little that resembles the dock of the patent in suit. It is not, strictly speaking, a dock at all, much less a dock of the subfloor or platform type. It consists entirely of a front wall which is not of I-beam type. There is no subfloor, and no "system of reinforced beams and girders horizontally and vertically positioned, including a reinforced girder floor." The front wall is not braced at intervals by transverse "wing-walls" or counter forts, and we find no tension members imbedded in the concrete which extend from the top of the front wall "to the shore anchorage." It is true that the defendant's front wall has an inclined face on the shore side, and that reinforcing steel is laid at intervals of two feet and six inches beneath this inclined surface and extending from near the top of the wall to within possibly a foot of the bottom, but this reinforcing is not the equivalent of the "land ties in the form of tension members 9" of the patent. Nor are the thirty foot tie rods, horizontally positioned, not terminating in the top of the wall but below its center, vertically, and not imbedded in wing walls, such equivalents. In our opinion the supporting piles and superimposed concrete wall of the defendant's

structure, considered as a unit, form merely a retaining wall along the water's edge, so different in design and fundamental characteristics from the device of the patent, and lacking so many of the elements of that device, that it cannot be held to infringe.

The substance of the contention of appellee, plaintiff below, is that this court held that infringement was shown in Detroit Railway & Harbor Terminals v. Ferguson, supra, by a structure which departed in some respects from the preferred form shown in the patent, and that we should therefore now hold that to infringe which not only departs in the same respects from the preferred form of the patent, but in many other respects also. We are of the opinion that the defendant's structure is to be classified with and partakes of the characteristics of both the retaining walls of the prior art (cf. Merwede Canal Wall, Puget Sound quay wall, and the Antwerp dock) and the mass constructions of the Champlain Canal locks, the Peavy dock at Duluth, the American Steel & Wire Company dock at Cleveland, etc. Ferguson has no monopoly in the construction of all reinforced concrete docks, nor in all docks of this type which have front walls and are anchored to the shore, but only in docks of the type and design disclosed in his patent. Much less has he a monopoly in shore walls which present few of the problems of dock construction.

The decree of the District Court is reversed, and the cause is remanded, with instructions to dismiss the bill for want of a showing of infringement.