**CAREY et al. v. FORD MOTOR CO.**

**No. 8307.**

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1940.

George Rex Frye, of Detroit, Mich., and Wm. J. Wesseler, of Cleveland, Ohio (Swan, Frye & Hardesty and George Rex Frye, all of Detroit, Mich., and William J. Wesseler, of Cleveland, Ohio, on the brief), for appellants.

Frank Parker Davis and Glen E. Smith, both of Chicago, Ill. (Frank Parker Davis and Glen E. Smith, both of Chicago, Ill., and I. Joseph Farley and Bodman, Longley, Bogle, Middleton & Farley, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

Nine years after appellants had given notice of an alleged infringement by the appellee of Ferguson patent No. 1,089,405, they instituted their suit, on September 14, 1929. Trial was had and the cause submitted in January, 1932. More than five years later, in February, 1937, a memorandum decision directed dismissal of the bill—on the ground of laches. A year later, however, findings of fact and conclusions of law were adopted basing decision not only on laches but also on noninfringement.

The Ferguson patent is for a reinforced concrete dock or pier, adjudicated by us as valid and infringed in Detroit Iron & Steel Co. v. Carey, 6 Cir., 236 F. 924; reexamined upon a more vigorous challenge to its validity and again adjudged valid in City of Detroit v. Kahn, 6 Cir., 22 F.2d 613, wherein infringement was conceded; again considered upon a record disclosing additional prior art in Detroit R. R. & Harbor Terminals v. Ferguson et al., 6 Cir., 41 F.2d 688, 689, with a conclusion announced that a different decision would not have been required had the new evidence been before the court on the previous occasions, and held not infringed in Wabash R. R. Co. v. Dock & Terminal Engineering Co. et al., 6 Cir., 56 F.2d 574, 575, wherein we considered re-examination of validity not required by the record. The present defendant again invites our attention to the question of validity in addition to defending on the ground of laches and non-infringement. It asserts that in no one of the prior litigations was defense based upon public use or proof that the patented structure was "on sale" for more than two years prior to the original application, and that its new defense upon the present record rests upon a bid made for the construction of a concrete dock for the Cleveland Furnace Company at Cleveland, Ohio, on September 29, 1906, which disclosed the Ferguson invention through drawings and plans which became part of the contract, and a blueprint dated August 29, 1906, attached thereto, more than two years before the date of the Ferguson application, March 5, 1909.

The patent has long since expired. Notwithstanding injunction may not issue, it must be obvious that a court will be reluctant to recede from an adjudication of validity with respect to a patent so carefully considered and so often futilely assailed, save upon evidence that indubitably compels. We, therefore, consider initially the issue of infringement, and if thereby we escape the anachronism earlier indicated, the result is not greatly to be deplored.

The patent in suit is minutely analyzed and described in Detroit Iron & Steel Co. v. Carey, supra, so that repetition is unnecessary. The court there recognized that while the elements of the claims were probably old they were so combined as to produce a

new and useful result, and gave approval to the conclusion of the District Judge that Ferguson was the first to design a wholly integral reinforced concrete block not of mass construction. In this respect his achievement involved patentable advance over the docks and retaining walls of the prior art, which were of mass construction. It was recognized that reinforced concrete retaining walls were old and analogous, even if not completely so, to docks; that Ferguson was not the first to devise a reinforced concrete structure resting upon piles having their heads surrounded by the reinforced concrete; nor yet the first to use bracing walls for strengthening the front wall of such structures. Ferguson's declared objectives were to distribute the metallic reinforcing elements so as to obtain reinforcement at proper points for sustaining weights and strains incident to such device; to shape its contour so that material would be positioned and reinforced to insure maximum strength while materially reducing weight; and to employ the material and reinforcing members to resist compression from without, and shear and tension strains within. His concept was that of a skeletonized structure more economical to fabricate than those of the prior art. We again pointed out in Wabash R. R. Co. v. Dock & Terminal Engineering Co., supra, that Ferguson had no monopoly in the construction of all reinforced concrete docks, nor in all docks of this type which have front walls and are anchored to the shore, but only in docks of the type and design disclosed in his patent.

When we consider the accused dock of the defendant, as described in the evidence and depicted in drawings and illustrations, it is clear that in its construction the defendant relied for strength and stability upon mass rather than upon the distribution of reinforcing elements as taught by Ferguson. The accused dock is not of skeletonized design. Its wall is exceedingly massive and rests upon an underlying floor portion supported by the piles. There is no I beam element within the meaning of the claims, nor mechanically its reasonable equivalent. Neither the resiliency nor economy of construction sought by Ferguson is achieved by it. While steel rods are run through the concrete mass, the evidence is highly persuasive that they serve but as temperature reinforcement so as to avoid cracking and disintegration of material, and do not otherwise contribute to the strength of the construction so as to come within ac-

cepted formulæ for concrete reinforcement. The court so found and the evidence supports the findings. Indeed, it may be said that there is substantial admission by the plaintiff's expert that this is so when he confesses doubt as to whether the steel in the floor is helpful in resisting shear. The insufficient proportion of steel to cross-sectional area of the concrete mass lends substance to this doubt.

Upon the basis of the entire record, we are convinced that the accused dock must be aligned with structures of the character of that found not to infringe in Wabash R. R. Co. v. Dock & Terminal Engineering Co., supra. It therefore becomes unnecessary to consider other features of the controversy.

The decree is affirmed.